# PHILLIPS & ASSOCIATES
*Attorneys at Law*
45 BROADWAY, 28TH FLOOR, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
A PROFESSIONAL LIMITED LIABILITY COMPANY

September 22, 2025

Via ECF
Judge Colleen McMahon
United States District Court
Southern District Court
500 Pearl Street, Room 24A
New York, New York 10007

Re: **Kendra Corbin v. Triborough Bridge & Tunnel Authority, *et al.***
Docket No.: 24-cv-01613

Dear Judge McMahon:

Our office represents Plaintiff Kendra Corbin ("Plaintiff") in the above-referenced action. Pursuant to this District's local rules, I am writing this letter motion to request that Exhibits W, X, and Y (ECF Nos. 82-1, 82-2, and 82-3) to Defendants Triborough Bridge and Tunnel Authority d/b/a M.T.A. Bridges & Tunnels, the Metropolitan Transportation Authority, and the New York City Transit Authority (collectively "MTA Defendants") Memorandum of Law in Support of their Motion for Summary Judgment, which have been filed under seal, remain sealed. Plaintiff asserts that these exhibits contain sensitive, non-public information.

Although there is a general presumption of public access to judicial documents, "documents may be kept under seal if 'countervailing factors' in the common law framework . . . so demand." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006). Thus, the weight of the presumption, considering "the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to ensure their irrelevance," is balanced against considerations such as "the privacy interests of those resisting disclosure" in determining whether to seal documents. *Id.* at 119-20 (internal quotations omitted). Here, the public interest in disclosure of court records is served by both the Parties' brief description of these documents within the Proposed Joint Pretrial Order (ECF No. 80) as "Plaintiff's calendar notes re: Defendant RAMOS" and MTA Defendants' descriptions in their Declaration (ECF No. 89, ¶ 24, 25, 26). However, these calendar notes contain sensitive, non-public information akin to diary entries written by Plaintiff. As noted in MTA Defendants' letter motion (ECF No. 81), these notes contain explicit and sensitive information that, if disclosed, could result in distress to Plaintiff and on balance, do not further the public policy of clear access to court records. The docket is available to the public and the public can readily understand these exhibits to be akin to personal journal entries. Further, there is no prejudice to MTA Defendants or Individual Defendant Ramos should the Court grant this request.

---

[Handwritten note by Judge, dated 9/23/2025:]

Please get me copies of the documents that are to be filed under seal so I can see the "explicit and sensitive" information they contain. Deliver them to my chambers without filing. I cannot decide this motion without seeing the documents I am being asked to seal.

CM

Finally, sealing Exhibits W, X, and Y is appropriate as the sealing would not be futile because the information requested to be sealed is not already in the public record. Though Plaintiff's allegations are contained in her Second Amended Complaint and are part of the public record, the details contained in Exhibits W, X, and Y are indeed more explicit and deserving of inspection by the Court.

Plaintiff respectfully requests the Court review the sealed docket entries *in camera* and consider designating Exhibits W, X, and Y as confidential and allowing these exhibits to remain sealed on the docket. We thank the Court for its consideration in this matter.

Respectfully Submitted,

Morgan L. Mickelsen, Esq.